31758. SOUTHERN STAGES INC. *et al. v.* BROWN.

DECIDED JANUARY 27, 1948. REHEARING DENIED MARCH 24, 1948.

*Martin, Martin & Snow, Millard Jackson, George Grant,* for plaintiff in error.

*Carlton Mobley, J. B. Jackson,* contra.

MACINTYRE, P. J.   W. F. Brown brought suit against Southern Stages Inc., a common carrier, and American Casualty Company, an insurance carrier, to recover damages for injury to his truck and for reasonable hire.   The defendant filed a counter claim to recover damages for injury to its bus and for reasonable hire. The jury returned a verdict in favor of the plaintiff.   The defendants filed a motion for new trial based on the general and eight special grounds.   This motion was overruled, and the defendants excepted.

In special ground five of their amended motion for new trial the defendants contend:   "The court erred in failing to grant a mistrial on motion of movants on account of improper and inflammatory remarks made by the Honorable Joe Ben Jackson, attorney for respondent, in his opening argument.   This attorney made the statement, in substance, to the jury:   'The only way

you can stop these big buses from pushing the little trucks of Jones County farmers off the road is to make them pay.' Immediately after this statement was made, counsel for movants moved the court to direct a mistrial on the ground that said argument was highly improper, prejudicial, inflammatory, and not supported by the evidence. The presiding judge denied this motion and rebuked counsel for respondent for making this statement, and cautioned the jury to disregard said statement, and to disabuse their minds of it. Movants say the respondent is a resident of Jones County, and both of movants are foreign corporations, one engaged in the operation of a bus business and the other in the insurance business. Movant contends that said statement referred to the bus industry as a whole and was not confined to any alleged acts of negligence on the part of the bus involved in this particular case, and that this statement was deliberately made for the purpose of inflaming their minds with prejudice and passion against the bus company. Movants contend that this statement necessarily influenced the jury in reaching a verdict in favor of respondent, in the face of the fact that all of the evidence from disinterested witnesses clearly showed that respondent's truck driver was guilty of negligence which proximately caused respondent's damage and also the damage to movant's bus."

Joe Ben Jackson, counsel for the plaintiff, stated in his argument to the jury: "The only way you can stop these big buses from pushing the little trucks of Jones County farmers off the road is to make them pay." The neglignce for which a recovery was sought in the instant case was the pushing or throwing of the truck of a Jones County farmer off the road, and the case was being tried before a Jones County jury.

Before a person can be stopped from engaging in a certain practice, it must be shown that that person was engaged in that practice.

The right of the defendant was to have a fair and impartial trial and to have a verdict rendered only on the evidence adduced on the trial, and whether buses of other companies or other buses of the defendant company had on previous occasions pushed little trucks of Jones County farmers off the road, was a matter not in evidence. Nor should it have been in the minds of the

jurors. Such facts could not go into the evidence, and if they went into the verdict, it would be a wrong and illegal verdict. *Hudson* v. *State*, 101 *Ga.* 520, 525 (28 S. E. 1010); *Brooks* v. *State*, 55 *Ga. App.* 227, 232 (189 S. E. 852).

Had there been room for a misapprehension on the part of the jury in this case as to whether the statement of counsel was made as a deduction from the evidence or as an effort to introduce a substantive fact outside of the evidence, the fact that the judge rebuked counsel for making this statement, which cautioned the jury to disregard such statement and to disabuse their minds of it, might have obviated the danger that the substantive fact outside of the record was not in the minds of the jurors and went into the verdict. *Floyd* v. *State*, 143 *Ga.* 286, 289 (84 S. E. 971). But in this case there was no evidence from which any deduction could have been made that buses had previously pushed little trucks of Jones County farmers off of the road. The jury must have understood that counsel was not making the statement that the evidence led him to this conclusion and that the jury should reach a like conclusion, but that counsel was making the statement as a substantive fact.

Such a statement that big buses had been pushing little trucks of farmers off the road in the county where the jurors lived, if such was the fact, could have had no possible bearing on the question of whether or not the defendants were guilty of negligence on the occasion referred to in the instant case. The only effect of the making of such statement by the plaintiff's counsel would be to prejudice improperly the minds of the jurors against the defendant.

The only two witnesses who were present at the scene of the collision who testified for the plaintiff were the driver of the little truck and his companion.

Several passengers, the driver of the watermelon truck, which was immediately behind the bus, and his companion, and the driver of the Plymouth, which was immediately behind the watermelon truck, all disinterested parties who were present at the scene of the collision, testified in behalf of the defendants, and the two drivers of the bus did likewise.

This being a closely contested case upon the facts, a mere rebuke of counsel and the caution of the jury to disregard such

statement and to disabuse their minds of it, were not, in the instant case, a sufficient correction of the injury done. The defendants' counsel promptly objected to such remark made by the plaintiff's counsel and made a motion for a mistrial, which was one of the remedies available under the circumstances. The remarks here were of a very grave and prejudicial character, and the case was close upon the facts. "The circumstances of the case are such that the rebuke and instruction are insufficient to remove the improper impression." *Georgia Power Co.* v. *Puckett,* 181 *Ga.* 386, 395 (182 S. E. 384) ; *Brooks* v. *State,* 183 *Ga.* 466, 469 (188 S. E. 711, 108 A. L. R. 752) ; *Morris & Co.* v. *Maddox,* 97 *Ga.* 575, 581 (25 S. E. 487) ; *Hicks* v. *State,* 196 *Ga.* 671, 673 (27 S. E. 2d, 307). The instant case is one in which a mistrial ought to have been granted.

It is unnecessary to deal specifically with the other questions presented in the record. Except as above indicated, there was no error requiring a new trial.

*Judgment reversed. Gardner and Townsend, JJ., concur.*