**LEGLER v. KENNINGTON–SAENGER THEATRES, Inc.**

**KENNINGTON–SAENGER THEATRES, Inc., v. LEGLER.**

No. 12348.

United States Court of Appeals. Fifth Circuit..

Feb. 24, 1949.

Rehearing Denied March 29, 1949.

SIBLEY, Circuit Judge, dissenting.

Fulton Thompson and John Harvey Thompson, both of Jackson, Miss., for appellant and cross-appellee.

John C. Satterfield and Dan H. Shell, both of Jackson, Miss., for appellee and cross-appellant.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

Mary E. Legler brought this suit against Kennington-Saenger Theatres, Inc., to recover damages for personal injuries sustained as a result of alleged negligence of defendant in the operation of its Paramount Theatre, situated in the city of Jackson, Mississippi.

Defendant, in answer, pleaded the general issue and contributory negligence. A trial by jury resulted in a verdict for plaintiff in the sum of $254, and from the judgment entered thereon both parties have appealed.

The evidence reveals that plaintiff, a married woman 55 years of age, is a resident of the city of Jackson, Mississippi, where she and her husband owned and operated a tea room at the time this suit was instituted. On the evening of January 15, 1947, around 7:00 P.M., she left her place of business in company with her sister-in-law to attend a popular motion picture, then being shown at the defendant's Paramount Theatre in Jackson. When they arrived at the theatre they purchased tickets for the performance, after which they entered the outer lobby or foyer of the theatre to join a dense crowd which had gathered to wait for seats. There were two entrances from this outer lobby or foyer into the main auditorium of the theatre, and as seats became available, patrons were invited or directed to proceed into the inner auditorium through one of these entrances. After plaintiff and her sister-in-law had stood waiting with the crowd in the outer lobby for some time, one of the theatre ushers or attendants directed the crowd in which they were standing to move towards an entrance to the auditorium on the opposite side of the lobby, and the crowd, including plaintiff and her sister-in-law, moved in that direction. Plaintiff testified that this outer lobby was so packed with people, and the crowd was so thick that she could not see the floor,[1] and that as she moved along with the crowd as the theatre attendant directed, she stumbled and fell over a heavy stone urn, as a result of which she sustained a violent fall and suffered painful injuries.

Defendant offered little testimony in direct contradiction of plaintiff's version of the incident and her resulting injury, its witnesses merely disclaiming all knowledge of the occurrence, and any responsibility therefor. The manager of the theatre testified that urns similar to the one over which plaintiff fell were placed in convenient and easily accessible locations along the route of travel for patrons entering the theatre; that because of the fire hazard no smoking in the theatre was allowed, and the urns were so placed that patrons could dispose of lighted cigarettes in them before entering the auditorium; that it was the general custom of theatres to maintain such urns at their entrance ways for the disposal of cigarettes; that no person had ever fallen over one of the urns before, and that the urns were very noticeable and plaintiff knew or should have known of their presence.

Although theatre owners are not insurers of the safety of their patrons, they nevertheless owe them the duty of

[1] Q. "You stated that you could not see the object over which you fell on that occasion: Why could you not see it?" A. "Because of the crowd."
Q. "How close were the people together in the lobby?" A. "One just standing up against the other, just like crowds are when they are just standing up."

Q. "Were they shoulder to shoulder, practically?" A. "Yes."
Q. "Was there, or did you see, either before or after the accident, any employee of the Theatre, or attendant, standing near the object over which you fell, warning people of the danger of falling over that object?" A. "There was not."

exercising reasonable care to maintain the premises in a safe condition, to warn them of hidden dangers, and to shield them from harm and injuries which, under the circumstances, might reasonably be anticipated. Durning v. Hyman, 53 A.L.R. 856; 62 C.J. Section 57, p. 870; cf. Louisiana Oil Corporation v. Davis, 172 Miss. 126, 158 So. 792. Here, the jury was warranted in finding defendant negligent in permitting the outer lobby of the theatre to become so densely crowded as to cut off a view of the urns and the floor, and that defendant should reasonably have foreseen that someone might fall over the urns unless warned of their presence. In view of the undisputed evidence as to the congested condition which obtained at the time and scene of the injury, and notwithstanding her view was obstructed by the crowd, plaintiff had the right to assume that the path she was invited or directed to follow was clear of obstructions, and that she could move in the crowd with safety.

█ There was no substantial evidence tending to show that the appellant was guilty of contributory negligence and, due to the gross inadequacy of the verdict, it was not only error, but prejudicial error, to submit that issue to the jury. The sole issue as to liability was whether or not the appellee was guilty of negligence that directly and proximately caused the injury. We are mindful of our decisions to the effect that, ordinarily, federal appellate courts will not inquire into the amount of the verdict to determine whether the award is excessive or inadequate. State Farm Mutual Automobile Ins. Co. v. Doughty, 5 Cir., 149 F.2d 812; Houston Coca-Cola Bottling Co. v. Kelley, 5 Cir., 131 F.2d 627; Southern Ry. Co. v. Montgomery, 5 Cir., 46 F.2d 990. Moreover, we recognize the general rule that the granting or refusing of a new trial is a matter resting in the sound discretion of the trial court, which is not subject to review. Swift & Co. v. Ellinor, 5 Cir., 101 F.2d 131; Sanders v. Leech, 5 Cir., 158 F.2d 486. But the rule does not apply in this case where it is manifest that the inadequacy of the verdict was the result of prejudicial error on the part of the court in submitting to the jury the issue of contributory negli-

gence. Cf. Pugh v. Bluff City Excursion Co., 6 Cir., 177 F. 399. The jury found that the plaintiff was entitled to recover and, if she was, it seems absurd to us that she was awarded only nominal damages. See Dixon v. Breland, 192 Miss. 335, 6 So.2d 122; Stetson v. Stindt, 3 Cir., 279 F. 209, 23 A.L.R. 302; United Press Ass'n v. National Newspapers Ass'n, 10 Cir., 254 F. 284; Cf. Woodward v. Atlantic Coast Line R. R. Co., 5 Cir., 57 F.2d 1019.

█ There is no merit in the appellee's contention that the verdict of $254 adequately measured to the damages proved. The personal injuries sustained by her, as shown by the undisputed evidence, were serious and to some degree permanent. The damages awarded were barely one-eighth of the actual monetary loss shown, exclusive of pain and suffering, and probably less than the costs of this litigation. Manifestly, the jury cast aside the undisputed evidence as to the extent of appellant's injuries, and limited her to a mere nominal recovery. The error of the court in submitting to the jury the issue of contributory negligence, while palpably prejudicial, could not have reduced the verdict to such an inadequate sum without bias, prejudice, or passion on the part of the jury also affecting the result. Cf. Lee v. Reynolds, 190 Miss. 692, 1 So.2d 487, 488, wherein the court said:

"* * * Regardless of the degrees of negligence properly attributable to the respective parties, we have no hesitancy in declaring the verdict to be so grossly inadequate as to evince prejudice; and if not the result of prejudice, it is due to an inadequate estimate of the total injuries suffered, or to an unjust appraisal of the degree to which the plaintiff's negligence, if any, contributed to such injuries. * * *" See, also, Dixon v. Breland, 192 Miss. 335, 6 So.2d 122, where there was no evidence that plaintiff was negligent.

The judgment appealed from is reversed on direct appeal and affirmed on cross-appeal; and the cause is remanded for further proceedings not inconsistent with the views as herein expressed.

Reversed and remanded.

SIBLEY, Circuit Judge (dissenting).

This decision I think flies in the face of our recent decision in Railway Express Agency v. Mallory, 5 Cir., 168 F.2d 426, and of the Seventh Amendment of the Constitution, and is without support from the federal cases. In the Mallory case he by his own unnecessary act in handling a heavy safe alone hurt his back. The jury gave him a verdict of $23,500. The trial judge expressed disapproval of the verdict though he overruled a motion for judgment non obstante veredicto and new trial. All the judges sitting in this court thought the verdict excessive. The majority held that the trial judge having denied a new trial and there being no error in the trial, the appellate court could not interfere with the verdict. I dissented, not from the principle that the jury's verdict could not be corrected as to amount by a federal appellate court, even by the grant of a new trial, but on the ground that the trial judge had not distinguished in his ruling on the motions between the judgment non obstante in which he had no discretion, and the grant of a new trial in which he and he alone had discretion to set aside the verdict merely because he thought the verdict wrong. I refer to the dissent because it cites the cases in which the functions of the trial judge and the appellate court in the English courts at the time the Seventh Amendment was adopted were so fully and well set forth by Judges Lurton, Taft and Harlan then members of the Court of Appeals of the Sixth Circuit. I think their conclusions have been everywhere accepted as correct. The Seventh Amendment (with emphasis added) is: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury *shall be preserved*, and *no fact* tried by a jury shall be otherwise reexamined *in any Court of the United States*, than according to the *rules* of *the common law.*" Since Parsons v. Bedford, 3 Pet. 433, 7 L.Ed. 732, it has always been held that after the facts have been decided by a jury, the verdict can be set aside only by the grant of a new trial by the trial judge, or by a reversal by any appellate court *for error in the trial.*

Mrs. Legler here demanded a jury trial and got it. Each side asked for a new trial on grounds which included a want of evidence to justify the verdict. The trial judge denied both motions, thereby approving the verdict. The majority of this court find no error in the trial. Solely because the verdict is in their opinion too small, they would overrule the trial judge's discretion, and the jury's opinion of the facts, and substitute their own. This seems to me to be a usurpation of power contradictory to the Seventh Amendment. The common law jury trial is *not preserved* and the facts found by the jury are reexamined in a manner *not according to the common law.* The Mississippi decisions cited are no authority at all for a court of the United States reexamining the facts found by a jury. Particularly as to the amount of damages a federal appellate court will not interfere. Houston Coca-Cola Bottling Co. v. Kelley, 5 Cir., 131 F.2d 627.

I think too the facts stated in the majority opinion are put most favorably to Mrs. Legler rather than most favorably to the verdict as they should be. As to negligence, Mrs. Legler admits that she had often before been in the theatre and had seen the urns full of sand in the lobby, 20 inches high, 24 inches in diameter, and weighing 150 to 200 pounds. They had remained in the same place eight or ten years. The evidence is uncontradicted that they are usual equipment in all such theaters and no one had ever fallen over one before. There is no complaint about the lights. The only plausible ground of negligence against the theater is that the employee who suggested the formation of a second line on the left side of the lobby did not call attention to the urn. The jury could justly have considered this negligence slight.

Mrs. Legler testifies there was a crowd in the lobby but she also says repeatedly that they were "in line" on the right side. Her sister-in-law says the same, and that Mrs. Legler was on her left, she on Mrs. Legler's right, holding hands. Both say they had just gotten in the door, and so were at the rear of the double line. "Ev-

erybody was standing in line." The photographs show the urn was just inside the door on the left of the line. Mrs. Legler was right opposite it. There was no one between them and the urn, for they constituted "the line" there. The attendant said, "Some of you come over and form a line on the left side of the lobby and you can get in quicker." Mrs. Legler, as the jury could well conclude, turned to go as soon as possible to get a high place in the new line and without looking at the urn at her left side fell over it. I think they could justly regard her precipitancy and failure to look at so large a piece of furniture which she knew was in the theater lobby was the main negligence. Such contributory negligence, as the jury were charged, did not defeat recovery but required a proportionate reduction of damages. Negligence vel non was a jury question. Wilkerson v. McCarthy, 69 S.Ct. 413.

The evidence as to damages is that her whole medical expense was $150, broken eye glasses $18; total $168.00. She lost a few days from her work, and hired an assistant, but she herself was soon back on the job from 7 A.M. to 2:30 P.M. Her tea room business had grown greatly and she had before considered employing a helper, as she did at $40 per week after her injury. Her cure was complete in a few weeks, except a weakness in her knee in going upstairs. She continued her helper, however, up to the time of the trial, and her wages were the principal item of damages claimed. I think the jury could justly conclude that her wages were not a necessary expense for more than a few weeks. It seems to me that $750 would not be unreasonable as full damages and a third of it, $254, visited on the defendants would not be unfair. That is not "nominal damages." We appellate judges have no jurisdiction to set this verdict aside. State Farm Auto. Ins. Co. v. Doughty, 5 Cir., 149 F.2d 812; and the many cases cited therein including three from the Supreme Court.

Rehearing denied; Sibley, Circuit Judge, dissenting.