Bertha **ROSIELLO** and **Carl Rosiello,**
her husband, Appellants,

v.

**C. Arthur SELLMAN** and **C. A. Siemann,**
Individually and d/b/a Green Thumb
Garden Center, Appellees.

No. 22203.

United States Court of Appeals
Fifth Circuit.

Dec. 13, 1965.

Sanford C. Cox, Jr., El Paso, Tex., Norman Herring, Phoenix, Ariz., Lipscomb, Fisk & Cox, El Paso, Tex., for appellants.

Allen R. Grambling, Hardie, Grambling, Sims & Galatzan, El Paso, Tex., for appellees.

Before HUTCHESON and COLEMAN, Circuit Judges, and HUNTER, District Judge.

HUTCHESON, Circuit Judge.

This is an appeal from a judgment based on a jury verdict finding appellees guilty of negligence and awarding appellants damages of $7,000. Appellants complain of the trial judge's refusal to grant a new trial solely on the issue of damages, asserting that the damages assessed by the jury are so grossly inadequate as to be incorrect as a matter of law, and contend that the trial judge abused his discretion in restricting summation at the close of trial to thirty minutes per side. We hold against appellants on both arguments and affirm.

The refusal to grant a new trial, sought on the ground of inadequate or excessive damages, is a matter within the sound discretion of the trial judge, whose action thereon should be overturned only in exceptional circumstances.[1] In a long line of cases this Court has consistently emphasized that "the granting or denial of a new trial on the ground of excessive [or inadequate] damages is a

1. See generally 6 Moore Federal Practice Sec. 59.08 [6] (1953).

**220**

matter of discretion with the trial court, not subject to review except for grave abuse of discretion". Houston Coca-Cola Bottling Co. v. Kelley, 131 F.2d 627, 628 (5th Cir. 1942). Accord, Great Atlantic & Pacific Tea Co. v. Jones, 294 F.2d 495 (5th Cir. 1961); Silverman v. Travelers Ins. Co., 277 F.2d 257 (5th Cir. 1960); Fruit Industries, Inc. v. Petty, 268 F.2d 391 (5th Cir. 1959), cert. denied, 361 U.S. 915, 80 S.Ct. 261, 4 L.Ed.2d 186 (1959); Phoenix Indem. Co. v. Givens, 263 F.2d 858 (5th Cir. 1959); Complete Auto Transit, Inc. v. Floyd, 249 F.2d 396 (5th Cir. 1958), cert. denied, 356 U.S. 949, 78 S.Ct. 913, 2 L.Ed.2d 843 (1958); Atlantic Coast Line R. R. Co. v. Kammerer, 239 F.2d 115 (5th Cir. 1956); Whiteman v. Pitrie, 220 F.2d 914 (5th Cir. 1955); Sunray Oil Corp. v. Allbritton, 188 F.2d 751 (5th Cir. 1951) (concurring opinion), cert. denied, 342 U.S. 828, 72 S.Ct. 51, 96 L.Ed. 626 (1951); Legler v. Kennington-Saenger Theatres, 172 F.2d 982 (5th Cir. 1949). We are fully aware of the equally well settled principle that circuit courts are duty-bound to reverse the trial judge's refusal of a new trial where the judge has, as a matter of law, abused his discretion. Complete Auto Transit, Inc. v. Floyd, supra; Whiteman v. Pitrie, supra; Indamer Corp. v. Crandon, 217 F.2d 391 (5th Cir. 1954); Sunray Oil Corp. v. Allbritton, supra; Legler v. Kennington-Saenger Theatres, supra. Appellants contend the damages assessed by the jury ($7,000) are less than the undisputed minimum damages sustained by appellants and are therefore inadequate as a matter of law. In fact the only undisputed item of damages is actual medical expenses to the time of trial, which totaled only $2,147.24; all other items for which appellant sought recovery were uncertain in some respect. Apparently the jury valued the disputed items at the amount by which $7,000 exceeds $2,147.-

24, the undisputed minimum damages. Speculation regarding disputed items of damages is properly a function of the jury. We cannot say the trial judge abused his discretion in accepting the jury's evaluation of these items.[2]

 The trial judge restricted counsel to thirty minutes per side for summation and denied appellants' request for additional time. Appellants argue that this allowed insufficient time to develop fully the issue of damages, which materially contributed to the disregarding by the jury of uncontroverted evidence concerning damages and constituted an abuse of discretion. A trial judge in the exercise of sound discretion may always limit argument. Biggs v. Mays, 125 F.2d 693 (8th Cir. 1942). We conclude there was no abuse of discretion in this case.[3] See Pirrung v. Texas & N. O. R. R. Co., 350 S.W.2d 50 (Tex.Civ.App.—Houston 1961).

The judgment is affirmed.

---

2. Indeed, "[t]here are very few cases in which this Court has reversed the trial judge's refusal to grant a new trial because of inadequate damages". Silverman v. Travelers Ins. Co., 277 F.2d 257, 263 (5th Cir. 1960).

3. This Court, in Silverman v. Travelers Ins. Co., supra, note 2, at 263, noted that "when there is no prejudicial error, an appellate court should discipline itself not to substitute its judgment for a jury's judgment, or its discretion for the reasonable exercise of a trial judge's discretion".