**Mrs. Camille F. LIND, Appellant,**

v.

**AETNA CASUALTY AND SURETY COMPANY, Appellee.**

**No. 22440.**

United States Court of Appeals
Fifth Circuit.

March 15, 1967.

Herman M. Schroeder, Hattier, Schroeder & Kuntz, New Orleans, La., for appellant.

Henry B. Alsobrook, Jr., and Joel L. Borrello, of Adams & Reese, New Orleans, La., for appellee.

Before RIVES, THORNBERRY and AINSWORTH, Circuit Judges.

RIVES, Circuit Judge:

In this diversity personal injury suit growing out of an automobile accident in which the jury verdict was adverse to plaintiff, the question for decision is whether the trial judge properly instructed the jury on the law applicable to the issues of negligence involved in the case.

The accidental injury grew out of an intersectional collision in the City of New Orleans in which Mrs. Lind, plaintiff-appellant, was riding as a guest passenger in an automobile owned and operated by her husband which was proceeding up Baronne Street, a through street, and was involved in a collision at Melpomene Street with an automobile of the assured of defendant Aetna. There is a traffic stop sign to traffic on Melpomene Street at the Baronne Street intersection.

Appellant contends that the court erred in refusing to grant any of the thirteen special charges which were submitted to the court by her for instruction to the jury on the applicable Louisiana law. She also assigns as error the court's giving of a charge on unavoidable accident and contends that the written interrogatories submitted by the court to the jury were inconsistent and confusing. On the other hand, appellee responds that the court's charge was sufficient since it covered the general issues of negligence, proximate cause, preponderance of evidence, weight of evidence, measure of damages, and unavoidable accident. Appellee further contends that the court's refusal to give appellant's special charges was correct because the facts and circumstances of the case did not justify such instructions.

The Lind vehicle was being operated up Baronne Street by plaintiff's husband.

Baronne is a four-lane, one-way, through street. Appellee's assured, Lyman E. Gaude, was proceeding on a cross-town street, Melpomene, and apparently had stopped for the stop sign and thence proceeded into Baronne Street where his view of traffic was blocked by a panel truck parked at the corner on the Baronne Street side nearest him. He saw the approaching Lind vehicle and attempted to accelerate to cross the intersection when his automobile sputtered and seeing that he could not clear the intersection in time, he stopped, at which time the automobile driven by Mr. Lind swerved to the right to avoid the Gaude vehicle but collided with the right front side. Mrs. Lind was injured in the collision. The jury's verdict, answering the special interrogatories, was that neither driver was negligent and that the collision was solely the result of an unavoidable accident. No explanation is found in the record as to the reason for the trial judge declining to grant any of the thirteen special charges requested by plaintiff. However, defendant-appellee states that such charges would have been improperly given because instructions relative to intersectional collisions and the duty of drivers therein under the law of Louisiana were unnecessary, the facts indicating, appellee contends, that Mr. Gaude would have made it across the street had not his car sputtered; that he knew that the other street was superior to him; and that he did stop at the stop sign and could have safely made it across the street had his car not sputtered. Therefore, appellee contends, special charges on Louisiana law of automobiles, such as those relative to pre-emption of intersection or the rights of traffic on a favored street as opposed to a less favored street with a stop sign, were unwarranted because of the mechanical difficulty experienced by Mr. Gaude in his car.

The record does not indicate why Mr. Gaude's automobile sputtered or that there was any mechanical imperfection or difficulty with his car. The dictionary definition of "sputtered" is not that the engine ceased running. Sputtered means "to make explosive or popping sounds in a spasmodic manner often with sparks or bursts of flame," such as "the car sputtered down the road," but this does not indicate that the motor "killed," to use the vernacular. See Webster's Third New International Dictionary (1961). The testimony shows that Mr. Gaude, on being cross-examined about his car having sputtered, when asked if this was the only time that it had sputtered, said, "At that particular emergency, I guess I mashed the accelerator harder than I ordinarily do." The record also indicates that evidence was produced by plaintiff from a so-called disinterested witness, not acquainted with the Linds who happened to be in the vicinity at the time, that Mr. Gaude told him at the scene of the accident that his foot slipped off of the brake. Another passenger in the Lind vehicle testified that immediately after the accident Mr. Gaude admitted, "Well, it was my fault."

The question, therefore, of pre-emption of the intersection and the reciprocal rights of parties at an intersection of a through street and a street at which a stop sign was placed were all issues which the jury had to resolve and on which they required instruction from the court as to the applicable law. Louisiana law, therefore, was especially pertinent but the court declined to instruct the jury on any of the applicable Louisiana provisions of law or on automobile law generally relative to intersectional collisions. The only instructions the jury received were bare-bones instructions on negligence, proximate cause, preponderance of evidence and weight of evidence, measure of damages, and unavoidable accident. In our view, the instructions were clearly inadequate for there was sufficient doubt as shown by the testimony given at the trial as to whether due care had been exercised by Mr. Gaude in proceeding into a busy through street into the path of the Lind vehicle, and whether there was any mechanical mishap to his vehicle, to require the court to give instructions on the applicable automobile law so that the jury might properly re-

solve the issue. No instruction on automobile law was given at all. One of the most important instructions requested and not given related to the duty of a guest passenger in an automobile (such as Mrs. Lind was in this case)—that she was under no duty to supervise the driving of her husband's vehicle and not obligated to look out for sudden or unexpected dangers which might arise since she had the right to place reliance upon the driver of the vehicle in which she was riding. Supplementary to this instruction was another charge requested by plaintiff—that the negligence of the host driver does not bar recovery by the guest since the host driver's negligence cannot be imputed to the guest. See White v. State Farm Mut. Automobile Ins. Co. (1953), 222 La. 994, 64 So.2d 245, for the Louisiana law on the subject.

■ Rule 51, Federal Rules of Civil Procedure, authorizes any party to file written requests that the court instruct the jury on the law as set forth in the requests. Where written interrogatories are submitted to the jury, Rule 49(a) requires the court to give the jury "such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue." "If the judge properly and fully states the law applicable to the case, refusal to give specified requests or further requests is not improper." 2B, Barron and Holtzoff (Wright ed. 1961), Federal Practice and Procedure § 1102, and where a state-created right is to be enforced, of course the state law must be looked to for the substance of the instructions. 2B, Barron and Holtzoff (Wright ed. 1961), Federal Practice and Procedure § 1105. If the requested instruction in accord with a party's contention is consistent with the evidence in the case, it must be granted unless the subject matter has been adequately covered in the court's charge. Richardson v. Walsh Const. Co., 3 Cir., 1964, 334 F.2d 334. Judge Brown pointed out in this Circuit's decision in Marshall v. Isthmian Lines, Inc., 5 Cir., 1964, 334 F.2d 131, that " * * * it was

not enough to leave the whole thing within the vague contours of a general charge with the inescapable boiler-plate instructions on negligence and the like," and further that "In a Federal District Court, where the Judge is no mere moderator receiving formal instruction-requests to be passed, conduit-like, to the jury, the Judge is the master of the proceeding. It is to be the Court's charge, not an aggregation of requests from the parties. The Judge has an obligation to charge on the essential elements of the case and instruct the jury as to the law on matters which developments of the trial have made significant and important. * * * Professor Wright sounds this tone of obligation well:

> " 'It is the inescapable duty of the trial judge to instruct the jurors, fully and correctly, on the applicable law of the case, and to guide, direct and assist them toward an intelligent understanding of the legal and factual issues involved in their search for truth.'

"2B Barron and Holtzoff, Federal Practice and Procedure § 1105, at 470 (Wright ed. 1961)."

■■ The testimony in the case is, of course, sharply conflicting. But where there was such a conflict in the evidence, it was for the jury to decide whether Gaude started out into the intersection properly and mechanical difficulty prevented his getting across the street in time, or whether he imprudently ventured into the path of favored street through traffic, with his view obstructed at the time, jammed his accelerator to hurry across in the face of oncoming traffic, and by excessive acceleration thereby caused his automobile to "sputter." Under proper instructions as to the law, resolution of the issues would have been possible, but the jury never had a chance under these instructions. We, therefore, have a firm conviction that a mistake has been committed by the court, and though the jury found that neither driver was negligent and that an unavoidable accident occurred, whether it would have reached such a result with adequate instructions on the law, no one can say.

Nevertheless, a fair trial requires, under the circumstances here, that sufficient instructions on Louisiana law relating to automobile intersectional collisions be given to the jury, and the failure to do so is reversible error requiring a new trial.

Reversed and remanded for a new trial.