Fleeta M. HARE, Plaintiff-Appellee,

v.

Huey P. FIRMIN and Morrison Merchandising Corporation of Louisiana, Defendants-Appellants.

No. 26592.

United States Court of Appeals Fifth Circuit.

April 21, 1969.

James A. Johnston, John D. Richardson, Mobile, Ala., for defendants-appellants.

Fred W. Killion, Jr., Richard W. Vollmer, Jr., Geary A. Gaston, Mobile, Ala., for plaintiff-appellee.

* Sitting by designation as a member of this panel.

Before COLEMAN and GOLDBERG, Circuit Judges, and SKELTON, Judge of the Court of Claims.*

COLEMAN, Circuit Judge:

This is a diversity action for personal injuries sustained in a motor vehicle collision. There was a jury verdict for the appellee in the sum of $40,000. We affirm.

The encounter occurred at a rural intersection in Baldwin County, Alabama, between a truck-trailer driven and owned by appellants and an automobile driven by appellee. Suit was first instituted in the state court and subsequently removed to the United States District Court.

The collision happened at or near the intersection of Parker Road and U. S. Highway 98. This section of U. S. 98 is extremely hilly, with Parker Road intersecting on or near the crest of a steep hill. The posted speed limit at the intersection was 40 miles per hour. Mrs. Hare was travelling north from Fairhope, Alabama. As she approached the intersection with Parker Road she collided with the truck-trailer driven by Firmin. Firmin had been proceeding south on U. S. 98 but was in the act of turning left onto Parker Road when he struck the Hare vehicle. Both drivers were familiar with the intersection, described by a state trooper as "an extremely dangerous one." The point of impact was in dispute, with some testimony that it was north of the intersection and other testimony that it was on Parker Road, about fifteen feet off U. S. 98.

The chief thrust of the appeal is that the court below erred in refusing to give instructions requested by defendants dealing with the applicable Alabama law regarding collisions at intersections and, further, that the instructions actually given were totally inadequate.

■ The test on review here is that if "the requested instruction in accord with a party's contention is consistent with the evidence in the case, it must be granted unless the subject mat-

ter has been adequately covered in the court's charge". Lind v. Aetna Casualty and Surety Co., 5 Cir., 1967, 374 F.2d 377, 380. However, if the court's charge, read as a whole, does present to the jury a full and comprehensive statement of the law, it is not error to refuse to give other requested charges. Lumbermen's Mutual Casualty Co. v. Nolan, 5 Cir., 1965, 331 F.2d 711.

Upon careful scrutiny of the record, including the oral and written charges given, we find no error in the refusal to give other instructions requested by appellants. We are not here faced with a situation such as was found in Lind, supra, 374 F.2d at 379, where

"The only instructions the jury received were bare-bones instructions on negligence, proximate cause, preponderance of evidence and weight of evidence, measure of damages, and unavoidable accident."

■ Several instructions requested by defendants, particularly those dealing with the right-of-way at the intersection, were inaccurate statements of law and therefore correctly refused. For example, defendants sought a charge stating that whichever party reached the intersection first had the right-of-way. But this instruction was incomplete in neglecting to include, as has consistently been held to be essential, that the party first entering the intersection must do so in a nonnegligent manner and "with a due regard to others and the conditions that obtain". Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 342, 116 So. 334, 336 (1928).

Although none of the court's charges to the jury specifically mention the term "right-of-way", the jury was carefully instructed that it must return a verdict for the defendants if it found the defendant driver drove at a reasonably prudent rate of speed and attempted to turn onto Parker Road in a reasonably prudent manner.

■ This charge, along with others regarding intersection collisions, ade-

quately informed the jury on this point, so that it was not error for the court to refuse defendants' "right-of-way" charges, even had they been legally correct.

■ Other proposed instructions about which appellants complain were grammatically deficient and could only have confused the jury had they been given. But assuming their grammatical correctness, we remain of the opinion that there was no error in refusing them, since the subject matter was fully covered by other portions of the oral and written charges.

Appellants' most serious contention pertains to instructions regarding the speed limit at the time and place of the accident. The posted speed limit at the intersection was 40 miles per hour, which, as a state trooper testified, was only a suggested safe speed. A dispute arose concerning the plaintiff's speed as she approached the intersection. While Mrs. Hare testified that she was travelling between 35 and 40 miles per hour, witnesses for the defendants placed her speed in excess of the 40 mile per hour posted limit.

■ Relying on Code of Alabama, Title 36, § 5(b) [Title 36 contains the Alabama Rules of the Road], which states that the lawful speed is fifteen (15) miles per hour at an intersection or on a curve or grade of a highway where the driver's view is obstructed, the defendants requested charges that, if the jury concluded there was such a grade or intersection at the point of the collision, it would be unlawful *per se* for the plaintiff to be travelling in excess of 15 miles per hour. However, charges similar to the ones requested here have long been condemned by the Alabama courts of last resort

"[A]s removing the flexibility of such statutes [as Title 36, § 5(b)] or ordinances, and further as depriving the jury of its right to determine whether ˆunder particular circumstances and conditions the operation of an automobile in excess of a prima facie lawful speed constitutes negligence as a matter of law."

Brownell-O'Hear Pontiac Co. v. Taylor, 269 Ala. 236, 112 So.2d 463, 466 (1959).

■ Similarly defective were defendants' proposed charges that if the jury found Mrs. Hare to have driven her automobile into the intersection in excess of the 40 mile per hour posted limit, she was guilty of negligence *as a matter of law*, since under Alabama law the speed limit imposed at an intersection is only *prima facie* reasonable and safe, Code of Alabama, Title 36, § 58(3).

■ We think that the court, both in its oral charge and two separate written charges, adequately and correctly charged the jury with respect to the effect of the posted speed limit and the speed of plaintiff's automobile.

Appellants next urge that the $40,000 verdict was grossly excessive and must be reversed.

■ Mrs. Hare suffered facial lacerations, a fractured rib, and a compound fracture of an ankle. Medical expenses were approximately $1,000 and property damage amounted to $640. At the time of the accident, Mrs. Hare was fifty-four years of age and a semi-retired shoe clerk. Her prior earning power had been between $4,500 and $5,000 per year and her life expectancy was over twenty years. Several physicians testified that she suffered 10–30% permanent partial disability of the ankle. There was evidence that she continued to suffer pain from the injury and surgery in the future was considered a possibility.

As such matters are ordinarily evaluated, it may be that this verdict was quite generous. It is to be noted, however, that awards for pain and suffering are not susceptible to exact standards. Pain and suffering are not easily measured in dollars and cents. The jury no doubt considered that a compound fracture of the ankle, thereafter partially disabling, is not very helpful to a fifty-four year old woman whose prior occupation was that of shoe store clerk.

234

Our role is controlled primarily by the Seventh Amendment. Pursuant to that Constitutional mandate this Court has long since firmly established the basis for review of allegedly excessive damages for personal injuries where a new trial has been denied:

"The rule embraces these ingredients: the granting or refusing of a new trial is a matter resting within the sound discretion of the trial court exercised with regard to what is right and in the interest of justice; but that discretion is subject to review by the appellate court when it feels that injustice has resulted from the action of the lower court because of its conviction that the verdict was excessive as a matter of law and not merely as a matter of fact. In other words, the appellate court will declare that the trial court has abused its discretion if the verdict is so gross or inordinate in amount as to be contrary to right reason; and if the evidence furnishes no sound basis for the verdict, it is the inescapable duty of the appellate court to hold that the verdict was excessive as a matter of law,"

Complete Auto Transit v. Floyd, 5 Cir., 1957, 249 F.2d 396, 399; Travelers Insurance Company v. Gulf National Bank, 5 Cir., 1962, 307 F.2d 295.

Applying this standard, we cannot interfere here.

The Judgment of the District Court is Affirmed.