## 25419. HOLLEY v. THE STATE.

ARGUED SEPTEMBER 11, 1969—DECIDED NOVEMBER 6, 1969—
REHEARING DENIED DECEMBER 4, 1969.

*Garland & Garland, Reuben A. Garland,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, J. Melvin England, Joel M. Feldman, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Courtney Wilder Stanton, Assistant Attorneys General,* for appellee.

GRICE, Justice. Convicted of murder, sentenced to life imprisonment, and his motion for new trial denied, Charles I. Holley appealed to this court. He was indicted by the grand jury of Fulton County for the slaying of Willie James Chisholm, and the subsequent proceedings were in the superior court of that county.

His motion for new trial, as amended, included the general and special grounds. The latter complained of denial of his motion for mistrial because of a remark made by State's counsel during cross examination of a witness; allowing State's counsel to cross examine a State's witness upon claim of entrapment; and denial of his motions for mistrial because of alleged improper remarks by State's counsel during argument to the jury.

The enumerations of error are based upon the denial of the motion for new trial.

■ The evidence amply supported the verdict of guilty. From the State's evidence the following transpired: the deceased, the defendant and a number of other persons were in the same room of a residence in the City of Atlanta where a party was ensuing; the deceased was seated in a chair; without any provocation

whatever the defendant and three others attacked and beat him; the defendant placed a pistol to the deceased's neck and fired it; this wound caused his death; several hours later the defendant surrendered himself and a pistol to the police; and a ballistics test showed that this pistol fired the bullet that was extracted from the deceased's body. While the defendant in his unsworn statement denied that he was the killer, the foregoing and other evidence authorized a finding of guilty.

■ There is no merit in the contention that the trial court erred in denying the defendant's motion for mistrial urging that the State's counsel challenged the defendant's counsel to offer certain documentary evidence in the presence of the jury, thus compelling the jury to believe that the defendant had a duty to offer evidence to prove his innocence.

This matter arose when defense counsel was cross examining a State's witness, seeking to show that his testimony just given was contradictory to that at the former trial, by use of the transcript of that trial. In colloquy which transpired at the instant trial defense counsel stated that "he swore it in the other trial, and I am putting it in for the purpose of a contradictory statement to impeach him. . ." After obtaining permission to examine the pertinent portion of the transcript, State's counsel remarked, "I will challenge him to offer it in evidence." Further colloquy transpired as to the import of this statement.

From an examination of the record, we cannot agree that this statement conveyed to the jury the impression that the defendant had the duty to introduce evidence to prove his innocence, thereby destroying the presumption of his innocence. The statement did not relate to the defendant's guilt or innocence, but related to whether the witness then under cross examination had contradicted himself. It showed the State's insistence that defendant's counsel do what he said he was going to do, put the transcript in evidence so that the record would speak for itself as to whether the witness had contradicted himself.

■ Also, there is no merit in the enumeration asserting that it was error to allow State's counsel to plead entrapment and to

■

permit him to cross examine a State's witness where there was no evidence or showing that counsel had been entrapped.

However, defense counsel's objection upon the trial was not that there was no evidence or showing as to entrapment. Rather, it was as to the time when State's counsel could properly claim entrapment. The objection, in substance, was that where, as here, defense counsel first brought out the testimony in question, State's counsel could not subsequently, upon further examination of the witness, claim entrapment.

This objection was properly overruled. The privilege of claiming entrapment is not confined to direct examination, but exists also where, as here, the testimony complained of was elicited on cross examination.

■ Nor was there an abuse of discretion in the denial of the defendant's three motions for mistrial which urged that the argument of the State's counsel to the jury was improper in stated particulars.

(a) One of the motions for mistrial was directed at remarks which the appellant claims were to the effect that his counsel tried to provoke the judge into making a statement the appellate courts would consider to be error. In this connection, State's counsel said, "In the irrelevant, trivial details we have seen counsel time after time try to try his Honor," followed by the hypothetical language "and if someone has a weak case, who hasn't got any defense really and they can provoke the judge into making a statement that the appellate courts would consider to be error, then he can get a mistrial. . ." These remarks, even if entirely referrable to defendant's counsel, were deductions which State's counsel drew from what had occurred during the trial, and did not require grant of a motion for mistrial.

(b) Another motion for mistrial complained of remarks of the State's counsel as to methods used by defense counsel in the trial being a "smoke screen" by which he attempted to divert the jury's attention from the evidence of the defendant's guilt. As we view it, this portion of the argument was likewise a deduction which the State's counsel made from what had transpired during the trial and did not require grant of a motion for mistrial.

(c)  The third motion for mistrial related to remarks by the State's counsel that when at Christmastime the deceased's children ask where their father is and their mother seeks to explain that he is dead, it will be a great comfort for them for her to say, "but he was killed by a man of alleged good character." This portion objected to sought to discredit the defendant's defense of good character, and did not require grant of a motion for mistrial.

As to these motions generally, see *Taylor v. State*, 121 Ga. 348, 354 (49 SE 303); *Loomis v. State*, 78 Ga. App. 153, 181 (51 SE2d 13).

*Judgment affirmed. All the Justices concur, except Felton, J., who dissents.*

FELTON, Justice, dissenting.  I respectfully dissent from the judgment and Division 4 of the opinion.  The motion for a mistrial referred to in Division 4 of the opinion is stated in the amended motion for new trial.  The motion for a mistrial was directed to the following remarks by an assistant district attorney, to wit: "Now, you gentlemen are aware of it and it's been sprayed at you all week.  How would you verbalize it? I will tell you how to verbalize his defense.  His defense is the defense of smoke screen.  His defense is one of trying to throw up as much smoke as possible into your eyes, and before you to somehow keep you from seeing how the overwhelming evidence shows the defendant to be the murderer in this case, and pursuant to that objective, you have heard hour upon hour and I don't use the term loosely, of cross examination.  *In the irrelevant, trivial details we have seen counsel time after time try to try his Honor, and if someone has a weak case, who hasn't got any defense really and they can provoke the judge into making a statement that the appellate courts would consider to be error, then he can get a mistrial and make the People's counsel and taxpayers pay for going through the process again, and the theory is the more times you can get a mistrial and put the State to the expense, with us having 3,500 other cases a year, and a hundred cases a week on the calendar, that ultimately this will work to the defendant's benefit.  I can't go into details on that, but the more you can put it off, the better*

*chance the defendant has got. And then another way of throwing up a smoke screen is to try to try the solicitor, try to get you to try me or Mr. Land."*

The attorney for the defendant in his motion for new trial stated: "I move for a mistrial in reference to his remarks that I tried to provoke the judge on the grounds that it prejudices the defendant, deprives him of a fair and impartial trial and the appellate courts have so held that such a remark is grounds for a mistrial." Upon this statement by the defense counsel, the court stated: "I don't remember that the solicitor made such a charge as to you, but if he did as to you personally, it would be objectionable." The court overruled the motion for new trial without making any effort whatsoever to remove the damage done by the statements of the assistant district attorney.

The majority opinion treats this ground of the motion for new trial very narrowly, in my opinion, and I suppose that the majority's construction of the reference to the "someone" who has a weak case and to "someone who hasn't got any defense and they can provoke the judge into making a statement that the appellate courts would consider to be error" is that the references are not to the defendant's attorney. Unless they are, they would be completely unrelated and irrelevant to this case, hence meaningless. I think that the assistant district attorney was referring to counsel for the defendant and prejudiced the case by endeavoring to convict the defendant's attorney of trying to get a mistrial and by attempting to equate the defendant's attorney's behavior with evidence of guilt of the defendant.

I do not see how the majority can separate the narrow ground on which this motion was made from the uncalled for statement of facts, that the solicitor's office has 3,500 cases a year and 100 cases per week on the calendar, which facts were not in evidence or in the record. There has already been one mistrial in this case and the jury knew about it from the cross examination and the effort made to impeach witnesses by the testimony on the first trial. I think that a fair treatment of this ground of the amended motion for new trial demands the conclusion that the assistant district attorney unquestionably made

harmful, unwarranted and prejudicial remarks, which, in the absence of any corrective measures by the court (assuming that there could be some), demand a reversal of the judgment in this case, on the ground of the motion for a mistrial discussed here.

The two cases cited by the majority are not definitive authority for that holding. Rather, they contain general law which could just as easily support my view, for example: "What the law forbids is the introduction into a case, by way of argument, of facts not in the record and calculated to prejudice the accused." *Taylor v. State*, 121 Ga. 348, 354, supra; "The State . . . will in no case permit its representative to go outside of the evidence to find a basis for appealing to the sentiments, passions, or prejudices of the jury in order to obtain a conviction. . . [I]t is under no circumstances [the district attorney's] duty either to go outside of the case and state facts not in evidence or to appeal to the passions or prejudices of the jury. . . In our opinion, therefore, the question in every case turns upon whether the nature of the argument is such that it is manifestly improper and prejudicial to the rights of the opposite party." *Loomis v. State*, 78 Ga. App. 153, 183, supra, and cits.

"In some cases of misconduct by a solicitor the injurious effect may be averted by appropriate action and instructions from the court (*Code* § 81-1009); but what would be sufficient in any case would depend on the character of the misconduct, the nature of the case, and the action or instructions from the court relied on to counteract the injurious effect of the misconduct. These may differ in each case. It is not erroneous to refuse to grant a mistrial on account of misconduct of the solicitor if it is *certain* that no injury could have resulted therefrom to the accused. But if it can be reasonably *inferred* that the jury were thereby *in any way* unfavorably affected against the accused a mistrial should be ordered or a new trial granted. In the interest of fair trials it should clearly appear that there was *no probability* that injury to the accused would result from the misconduct.

"The matter of granting a mistrial is largely within the dis-

cretion of the trial court, but that discretion will be controlled when it is apparent that a mistrial was essential to preservation of the right of fair trial. Ordinarily, when illegal testimony is placed in evidence, it is not an abuse of discretion to refuse to grant a mistrial *if sufficient corrective instructions are given* in ruling the testimony out. . . Mistrial is more likely to be the solution required in those instances where the solicitor directly elicits the improper evidence than in those instances where the witness volunteers the testimony. . . Where, as here, a prosecuting attorney knowingly injects into evidence an illegal element to the prejudice of the defendant, a mistrial is often *the only complete and satisfactory remedy*." (Emphasis supplied.) *Brown v. State,* 118 Ga. App. 617, 620 (165 SE2d 185) and cases cited.

The facts argued by the prosecutor were not only not in evidence, but would not have been admissible in evidence, since they had no possible bearing on the question of the defendant's guilt and were injected solely for the purpose of avoiding another mistrial. See *Southern Stages v. Brown,* 76 Ga. App. 694 (46 SE2d 765). It was obvious to the jury that the assistant district attorney, as the prosecutor, wanted to avoid the mistrial by obtaining a conviction, rather than an acquittal.