Anthony **MORVANT**, Plaintiff,

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY**, Defendant-Appellant,

v.

**ZURICH INSURANCE COMPANY**, Intervenor-Appellee.

No. 28856

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 23, 1970.

Rehearing Denied Aug. 7, 1970.

Robert E. Leake, Jr., New Orleans, La., for appellant.

Law Officer of Frederick J. Gisevius, Jr., Frederick J. Gisevius, Jr., Arthur B. Hammond, David Normann, New Orleans, La., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

The Louisiana diversity action grows out of personal injuries suffered by a pedestrian who was hit by an automobile driven by defendant's assured. Defendant appeals from the District Court's denial of its motions for a directed verdict, new trial and remittitur. Two questions are presented—whether the evidence is sufficient to support the jury verdict and, alternatively, whether the amount of damages awarded is excessive. In answer to special interroga-

tories, the jury found that the negligence of appellant's insured, Terrence E. Williams, proximately caused the accident and that plaintiff, Anthony Morvant, was not negligent. The jury awarded plaintiff the sum of $150,000. We affirm.[1]

The accident occurred on Tchoupitoulas Street, a two-way traffic street in the City of New Orleans, Louisiana. A short distance from the site of the accident, in the direction from which Williams was proceeding, the street cuts off to the left at two angular intersections with other streets. This requires a motorist driving in the direction in which Williams was driving to make an "S" turn. Plaintiff's version of the accident was corroborated by two eyewitnesses. It differs materially from that of the driver. Morvant contends that, having looked and observed no oncoming vehicles, he crossed Tchoupitoulas Street from the lake side into a lane of traffic reserved for traffic going in one direction, and was struck from behind, without warning, by a speeding vehicle which had veered into the wrong lane, that is, the lane reserved for traffic going in the opposite direction. The driver, on the other hand, testified that Morvant crossed the street from the river side and walked into his vehicle. He denied he was speeding but admits he was in a hurry when he first saw Morvant running out from between parked cars, thirty to forty feet away from him. He did not recall whether he sounded his horn. Morvant did not see the car until the impact. The evidence is in conflict as to whether Morvant crossed the street at a crosswalk.

■■ Appellant contends that he was entitled to a directed verdict inasmuch as Morvant's testimony of not having seen the vehicle is tantamount to an admission that he was negligent as a matter of law, relying on the established Louisiana principle that pedestrians, as well as motorists, are charged with the duty of seeing what they could or should have seen. *See, e. g.,* Glatt v. Hinton, La.App., 1968, 205 So.2d 91, 93, and cases cited therein. However, a pedestrian has the right to assume that the driver of an approaching car will stay on his right side of the road unless a contrary intention is signified. Savoie v. Walker, La.App., 1938, 183 So. 530, 535. Whether the driver remained in the proper traffic lane or, in his haste, negligently swerved into the other lane is, of course, a matter of fact for jury determination. "Issues of negligence and contributory negligence are particularly susceptible of jury determination." Anderson v. Eagle Motor Lines, Inc., 5 Cir., 1970, 423 F.2d 81, at 83; Taylor v. Bair, 5 Cir., 1969, 414 F.2d 815, 817. The Court properly submitted these matters to the jury which accepted plaintiff's account of the accident. Under the principles articulated in Boeing Company v. Shipman (en banc), 5 Cir., 1969, 411 F.2d 365, 374, the District Court correctly denied defendant's motion for a directed verdict, as the evidence presented was susceptible of different conclusions. Because of the jury's finding that the driver was negligent and Morvant was not negligent, the Louisiana doctrine of "last clear chance" is inapplicable, Williams v. City of Baton Rouge, 1968, 252 La. 770, 214 So.2d 138, and remand for a determination of this issue would be unwarranted. Cf. Employers' Liability Assurance Corp. v. Butler, 5 Cir., 1963, 318 F.2d 67.

■■ We cannot say that the award of $150,000 was unreasonable considering that the evidence established a permanent crippling disability of appellee, past and future pain and suffering, and actual damages consisting of medical expenses and lost wages. We find no abuse of discretion by the trial judge in refusing to grant a new trial. Gorsalitz v. O. Mathieson Chemical Corp., 5 Cir.,

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing.

1970, 429 F.2d 1033 [No. 27807 June 17]; Taylor v. Washington Terminal Company, D.C.Cir., 1969, 409 F.2d 145. This Court has repeatedly said that we will interfere with the trial judge's discretion on the issue of remittitur only where as a matter of law the verdict is excessive. It "must be so gross or inordinately large as to be contrary to right reason." Machado v. States Marine-Isthmian Agency, Inc., 5 Cir., 1969, 411 F.2d 584, 586; Hare v. Firmin, 5 Cir., 1969, 410 F.2d 231, 234; Complete Auto Transit v. Floyd, 5 Cir., 1957, 249 F.2d 396, 399; Travelers Insurance Company v. Gulf National Bank, 5 Cir., 1962, 307 F.2d 295, 298. Such a finding is not warranted by the circumstances here.

Affirmed.