Hiram J. **WRIGHT**, Kermit M. Simmons and Martin S. Sanders, Jr., Appellants,

v.

**STATE OF LOUISIANA** et al., Appellees.

No. 22766.

United States Court of Appeals
Fifth Circuit.

May 31, 1966.

———————

Martin S. Sanders, Jr., Hiram J. Wright, Winnfield, La., for appellants.

Jack P. F. Gremillion, Atty. Gen., Thomas W. McFerrin, Frank L. Dobson, Asst. Attys. Gen., Baton Rouge, La., for appellees.

Before JONES and BELL, Circuit Judges, and BREWSTER, District Judge.

BREWSTER, District Judge.

The question in this case is whether repeated appointments by a Louisiana state court of counsel to represent indigent defendants in criminal cases amounts to a taking of their property without just compensation in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States. Louisiana provides no compensation for such work.

The trial court dismissed the appellants' damage and injunction suit for lack of jurisdiction and for failure to state a claim upon which relief could be granted.

The appellants recognize and respect the professional duty of lawyers to serve under court appointments in criminal cases. Their plight is that, as the only lawyers practicing in their County, they get appointed to defend almost all criminal cases there, with the result that a substantial part of their time is consumed in such charity work each year without compensation. They say that, compared to the lawyers in the more populous counties, they are forced to contribute far more than their share.

Under the settled rule, the question here presented is one for the Louisiana legislature rather than for the courts. Dolan v. United States, 5 Cir., 351 F.2d 671 (1965); United States v. Dillon, 9 Cir., 346 F.2d 633 (1965), cert. den. 382 U.S. 978, 86 S.Ct. 550, 15 L.Ed.2d 469; 7 C.J.S. Attorney and Client § 172. In the *Dillon* case, the Court said at p. 635:

> "The problem of providing some system of compensation for appointed counsel, in light of the developing law of the right of indigents to counsel, is a matter for legislative and not judicial treatment."

Affirmed.