Robert A. DRAGON, Plaintiff-Appellant,

v.

The UNITED STATES of America, Defendant-Appellee.

No. 26950

Summary Calendar.

United States Court of Appeals Fifth Circuit.

May 29, 1969.

Victor E. Kellner, Robert A. Dragon, Jr., Dragon & Kellner, Lafayette, La., for appellant.

Edward L. Shaheen, U. S. Atty., Shreveport, La., Daniel Joseph, John C. Eldridge, Alan S. Rosenthal, Attys., Dept. of Justice, Washington, D. C., Morton Hollander, Chief, Appellate Sec., Civ. Div. Dept. of Justice, Washington, D. C., William D. Ruckelshaus, Asst. Atty. Gen., Robert V. Zener, Atty. Dept. of Justice, Washington, D. C., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

██ We have concluded on the merits that this case is of such character as not to justify oral argument. Accordingly, we have directed the clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. See Rule 18 of the Rules of this Court and Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804.

The district court appointed Robert A. Dragon Jr., Esq. to represent a federal prisoner who was seeking release under Title 28 U.S.C. § 2255. Dragon's representation of the prisoner succeeded, and the prisoner's conviction was vacated. Dragon then presented the court with a bill for his services. The Assistant Director of the Administrative Office of the United States Court wrote to Dragon, declining to pay. Dragon responded with this action against the United States, seeking $3,000 damages but stating no particular grounds for recovery. The district court granted the Government's motion to dismiss the complaint for failure to state a claim upon which relief could be granted.

██ Dragon argues here that if a party can conceivably recover under the circumstances pleaded, his complaint should survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss. No one argues with that. The problem is rather that no legal basis for recovery exists. Only Congress can authorize payments from the United States Treasury. U.S.Const., Art. I, § 8. Under the Criminal Justice Act of 1964, it has authorized the payment of counsel representing indigents in direct criminal appeals. 18 U.S.C. § 3006A. That authority does not extend to compensation for legal representation in collateral attacks on criminal convictions, since such proceedings are civil in nature. The agencies charged with carrying out the provisions of the Act, the federal courts themselves, have uniformly interpreted the right of appointed counsel to reimbursement to apply only in criminal proceedings.[1] Dragon cites no other Congressional enactment that might entitle him to recover and we know of none.

Moreover, an attempt to ground the complaint on the Fifth Amendment's prohibition against uncompensated taking, although not made here, would also be futile. Wright v. State of Louisiana, 5 Cir. 1966, 362 F.2d 95.

---

1. "Two specific limitations on the scope and applicability of the new statute are imposed by the terms of the [Criminal Justice] act, or made clear from its legislative history. First, the act does not apply in habeas corpus cases, in proceedings to vacate sentence brought under 28 U.S.C. § 2255, or in any other proceeding of a similar character, which is collateral to the original criminal case." Report of the Committee to Implement the Criminal Justice Act of 1964 (1965), House Document No. 62, 89th Cong., 1st Sess., at pp. 4–5.

We do not underestimate the skill or public spirit shown by appointed counsel in this case or in the daily habeas matters that come before us. Reimbursement for out-of-pocket expenses, if not for the lawyer's time, does not seem like an extravagant claim in cases where the habeas petition succeeds. The law, however, is clearly to the contrary. Dragon addresses himself to the wrong branch of government. The courts cannot help him until Congress does. The motion to dismiss was properly granted.

The judgment is

Affirmed.