Grover DYAS, Plaintiff-Appellee,

v.

**KANSAS CITY SOUTHERN RAILWAY
CO., Defendant-Appellant.**

No. 28749

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 11, 1970.

Rehearing Denied June 10, 1970.

William L. Peek, Jr., Texarkana, Tex.,
for defendant-appellant.

Burch Downman, Houston, Tex., for
plaintiff-appellee.

Before GEWIN, GOLDBERG and
DYER, Circuit Judges.

PER CURIAM.

Kansas City Southern Railway
Company appeals from a judgment en-
tered against it upon a jury verdict
awarding damages to its employee Dyas

in a Federal Employers' Liability Act case. We affirm.[1]

Dyas was employed as a signal maintainer by the Railway. In the course of his duties he was injured when the motorcar that he was operating struck a switch or "frog" and derailed. Not surprisingly, whether or not the frog was defective was in dispute.

On appeal the Railway urges that Morris, a signal maintainer for Texas & Pacific Railway Company, did not have the qualifications of an expert and should not have been permitted to express an opinion concerning the defectiveness of the frog. We disagree. Morris was shown to have special knowledge or skill concerning the subject about which he testified. The determination of the qualifications of experts is addressed to the judicial discretion of the trial judge and his decision is conclusive unless it is clearly erroneous as a matter of law. See, Langham, Langston & Burnett v. Blanchard, 5 Cir. 1957, 246 F.2d 529, and the cases cited therein.

The Railway next points out that Dyas drove his motorcar over the frog at ten to fifteen miles per hour and complains that the trial court erred in permitting Morris to testify to the effect that Texas & Pacific's speed regulation was fifteen miles per hour when motorcars pass over frogs. The Railway's actual rule in this case required the speed to be reduced to four miles per hour. Morris' testimony was admitted in connection with Dyas' showing of the practical abandonment of Railway's rule and as tending to show a usage or custom in the industry. While we think that the relevance of this evidence was questionable, we are not persuaded that its admission was reversible error.

Railway's proffer of a witness to testify that he suffered an injury similar to Dyas' and that following an operation he recovered and returned to work was properly excluded by the trial judge.

The contention that this was error is frivolous.

Finally, Railway argues that the instructions given by the Court to the jury imposed a duty on the Railway greater than the law required. Not so. The charge properly pointed out the respective contentions of the parties and correctly stated the principles of law to be applied to the facts as the jury might find them to be. The judgment is

Affirmed.

---

1. Pursuant to our Rule 18 this case is decided without oral argument.