Ronnie BRENTS, Plaintiff-Appellee,

v.

FREEMAN'S OIL FIELD SERVICE, INC., et al., Defendants-Appellants,

Griffith Rental Tools, Inc., Intervenor.

No. 30082.

United States Court of Appeals, Fifth Circuit.

Sept. 29, 1971.

Meredith T. Holt, Holt & Woodley, Lake Charles, La., for defendants-appellants.

William P. Rutledge, Lafayette, La., Allen L. Smith, Jr., Lake Charles, La., Domengeaux, Wright & Bienvenu, Lafayette, La., by Payton R. Covington, Lake Charles, La., for plaintiff-appellee.

Before GODBOLD, CLARK and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

Ronnie Brents was injured while working on an oil rig in Louisiana operated by Van Dyke Oil Company. The well, located in Vermilion Parish, was being drilled by Glasscock Chapman Drilling Company. In the course of drilling Van Dyke employed the services of Griffith Rental Tool Company (Griffith), a casing crew operator and the employer of Ronnie Brents.

Brents was part of a four-man crew which Griffith sent to the well site to run casing for the well. Freeman's Oil Field Service, Inc. (Freeman's) was con-

tracted to lay down and rack the casings pulled. Freeman's was to carry out its duties by the use of its laydown machine operated by its employee and assisted by the Griffith crew.

The laydown machine run by Freeman's employee was a hydraulic device used to rack pipe and casings withdrawn from the well. The machine, situated so as to have had a clear view of its field of operation, received pipe from the drilling rig, turned it into a horizontal position and then, hydraulically, on the trip of a lever dumped the drill pipe down on to skids where the force of gravity carried it out on the rack below. After a row of pipe had been laid down, boards were placed across the top of the pipe to allow additional rows to roll smoothly on to the rack. To prevent the pipe from rolling off, blocks were used at the end of the rack. When operated in this manner a laydown machine constitutes a hazard to anyone who may be so unfortunate as to be in the path of the pipe in its descent to the end of the rack. Consequently, skilled operators of these machines check the intended path of the pipe before tripping the lever beginning the pipe on its descent.

Ronnie Brents had the misfortune of being on the pipe rack with his back to the laydown machine when its operator released a piece of pipe. The pipe hit Brents in both legs causing him, along with other injuries, bilateral fractures of the tibia.

The case was tried to a jury which returned a general verdict for plaintiff in the amount of $24,744.66. Additionally, in its answers to interrogatories, the jury found that Freeman's was negligent, that its negligence was the proximate cause of Brents' injuries, that Brents was not guilty of negligence which was a proximate cause of the accident and injury, and that the damages were in the amount stated.

On this appeal Freeman's raises two points of error.

## I.

### THE JURY CHARGE

■ Freeman's first asserts that, in this diversity case, defendant was, as a matter of Louisiana law, entitled to an instruction on the doctrine of assumption of risk, and that the district court's refusal to so instruct was prejudicial error.

Defendant's requested instruction No. 1 would have instructed the jury:

"[T]hat assumption of risk means that one who participates in an undertaking or activity does so with the knowledge of the dangers in connection with such an undertaking. If you find that Ronnie Brents voluntarily attempted to position the drill pipe as it was being unloaded out of the laying down machine, and that he ignored the warnings given to him to exercise extreme care and caution and not to mount the pipe rack during the laying down operation, which is activity which he *knew or should have known* involved considerable risk, then the law holds that he appreciated and understood the dangers involved, consequently, he is held to have agreed to take his chances, therefore, he would not be entitled to recover damages for any injury he might have suffered." (Emphasis added.)

The district court declined to give that instruction and in reply to defendant's exception stated that it equated this requested charge on assumption of risk with the charge given on contributory negligence.

This court has repeatedly held that in regard to requests for instructions, "if the judge properly and fully states the law applicable to the case, refusal to give specified requests or further requests is not improper" Lind v. Aetna Casualty & Surety Co., 374 F.2d 377, 380 (5th Cir., 1967); McGuire v. Davis, 437 F.2d 570 (5th Cir. 1971). Moreover, in determining the propriety of the charge, including in this case the refusal of the requested instruction, we are re-

quired to view the charge as a whole. "[P]ortions of a charge are not to be scrutinized on appeal apart from their context as isolated verbal phenomena." Fitch et al. v. M-K-T Transportation Co., 441 F.2d 1 (5th Cir., 1971); McGuire v. Davis, *supra*.

In the case at bar we are satisfied that the court's instructions on negligence, proximate cause, contributory negligence and last clear chance, when considered with the specific interrogatories given the jury, adequately covered all the principles at issue in the case, and all the instructions to which the defendant was, in the exercise of the trial court's discretion, entitled.

Louisiana law recognizes the doctrine of assumption of risk as a matter of affirmative defense to actions in tort.[1] The defense, as appellant's brief now notes, requires that such assumption be voluntarily made and of a known risk.[2]

At the trial, however, the proffered instruction was phrased in terms of a risk which Brents "knew or should have known," and as such was either erroneous [3] or cumulative on the issue of Brents' proximate contribution to his injury.[4]

We therefore conclude that if error was committed by the district court's refusal to instruct as requested, it was harmless. Van Domelen v. Westinghouse Electric Corp., 382 F.2d 385 (9th Cir., 1967); United States Lines Co. v. Williams, 365 F.2d 332 (5th Cir., 1966).

## II.

## EXCESSIVENESS OF THE VERDICT

Freeman's seeks a new trial or, alternatively, a remittitur on the ground that the award of $24,744.66 was manifestly excessive so as to indicate the jury's bias and prejudice towards defendant. We disagree.

While the verdict may be greater than those given by juries in Louisiana state courts, the verdict is not unsupported by the evidence and contrary to all reason: Gorsalitz v. Olin Mathieson Chemical Corp., 429 F.2d 1033 (5th Cir., 1970), nor is it so excessive as to shock the conscience of the court. Massachusetts Bonding & Insurance Co. v. Abbott, 287 F.2d 547 (5th Cir., 1961); Century "21" Shows v. Owens, 400 F.2d 603 (8th Cir., 1968).

It is well settled that when damages are alleged to be excessive, the decision to grant or deny a new trial lies within the discretion of the trial judge. His discretion will be overturned only on a showing of grave abuse of discretion. Tucker v. Bethlehem Steel Corp., 445 F.2d 390 (5th Cir., 1971); Rosiello v. Selman, 354 F.2d 219 (5th Cir., 1965); Troutman, Jr. v. Southern Ry. Co., 441 F.2d 586 (5th Cir., 1971). No such abuse of discretion has been shown here.

The judgment of the district court is affirmed.

---

1. L.S.A. CCP Art. 1005.

2. Diamond Crystal Salt Co. v. Thielman, 395 F.2d 62 (5th Cir., 1968), reh. den.

3. Moses v. Commercial Standard Ins. Co., 174 So.2d 682 (La.App., 1965); Diamond Crystal Salt Co. v. Thielman, *supra*.

4. Assumption of risk in its primary sense involves a voluntary exposure to a known danger. Under this concept recovery is barred because plaintiff is assumed to have relieved the defendant of any duty to protect him, or that he is in an equal position to protect himself. Laney v. Stubbs, 217 So.2d 468, La.App., affirmed 255 La. 84, 229 So.2d 708 (1968); Prosser on Torts, 3d Ed., § 67; Harper & James, The Law of Torts, § 22.2.

In its secondary sense, assumption of risk is ordinarily synonymous with contributory negligence and involves a failure to exercise reasonable care for one's own safety. Under this concept recovery is barred because of plaintiff's departure from the standard of reasonable conduct, notwithstanding the misconduct of the defendant. Passman v. Allstate Ins. Co., 208 So.2d 386, La.App., application den. 252 La. 265, 210 So.2d 507 (1967).