**Lois G. POPE, Plaintiff-Appellant,**

v.

**TRAVELERS INSURANCE COMPANY, Defendant-Appellee.**

**No. 72-1705.**

United States Court of Appeals, Fifth Circuit.

April 25, 1973.

Robert A. Pritchard, Jackson, Miss., James E. Sandusky, Meridian, Miss., for plaintiff-appellant.

John Roach, Jackson, Miss., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and WISDOM and AINSWORTH, Circuit Judges.

PER CURIAM:

In this diversity action, the plaintiff, Lois G. Pope, sued Travelers Insurance Company for the sum of $40,000 allegedly due her as the named beneficiary of an insurance policy. Travelers defended primarily on the ground that the insured, Mrs. Pope's deceased husband, had committed suicide, a risk not covered by the policy. The jury found that the insured had intentionally taken his own life and therefore denied recovery on the policy. Mrs. Pope appeals.

The sole issue on appeal concerns the district court's decision to admit into evidence a certified copy of the insured's death certificate. On the face of the certificate was a statement by the coroner that the immediate cause of Pope's death was a self-inflicted gun shot wound and

that Pope had committed suicide. The appellant contends that the admission of the death certificate was improper because the coroner's statement invaded the province of the jury and attempted to find facts that were for determination by the jury alone.

The parties agree that the certificate is inadmissible under the law of the forum state, Mississippi. The appellant argues that the certificate is also inadmissible under federal law, specifically the Federal Business Records Act, 28 U.S.C. § 1732. In brief, the appellant asserts that since the coroner's opinion would have been inadmissible if proffered on oral examination, it cannot be made admissible because included in an official document.

Our review of the authorities reveals a division of opinion on this question. *Compare* Charleston National Bank v. Hennessy, 5 Cir. 1968, 404 F.2d 539 *with* McCormick, Evidence § 294 and cases cited therein and Rules 401, 402, 704, 803(6), (8), and (9) of the proposed Rules of Evidence for the United States Courts and Magistrates (1972). We need not pause on this issue, however, since we find that the district court's error, if any, was harmless. F.R.Civ.P. 61. Without regard to the death certificate, the evidence was overwhelming that the insured committed suicide. The record indicates that the circumstances surrounding the insured's death were inconsistent with an accident. Furthermore, several witnesses, including the investigating police officer, testified that Mrs. Pope and her mother had stated that the insured threatened suicide on the date of his death. Finally, the trial court instructed the jury that it was not to place any special weight on the coroner's conclusion but was to consider it along with the other evidence. In these circumstances, we are convinced that any possible error was harmless and that the verdict of the jury must be affirmed.

Affirmed.