**Donald GARDNER and Richard Eagen, Plaintiffs-Appellants,**

v.

**Samuel T. JOYCE, Sheriff, Indian River County, et al., Defendants-Appellees.**

**No. 73-1452**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 25, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al. 5 Cir. 1970, 431 F.2d 409, Part I.

Douglas S. Lyons, Miami, Fla. (Court-appointed), for plaintiffs-appellants.

Fred R. Ober, Miami, Fla., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Gardner and Eagen brought this civil rights action for damages under 42 U.S. C.A. § 1983, alleging that certain summary disciplinary action taken against them while they were being held in the Indian River County Jail violated their constitutional rights. After a jury trial which resulted in a verdict for the county sheriff and the chief jailer, Gardner and Eagen appealed. They argue here that they should have received a directed verdict on the question of due process, that their court-appointed attorney should receive compensation under the Criminal Justice Act, 18 U.S.C.A. § 3006A, that they were prejudiced by the admission of certain evidence even though it was ultimately excluded, and that the district court erroneously refused two of their requested jury instructions. We affirm.

There were two incidents which gave rise to these damage claims. The first, involving Gardner, resulted in his being

placed in administrative segregation [1] for seven days following his use of vulgarity toward a jailer; the jailer had just returned a letter which had not complied with the jail's outgoing mail procedures.

The second incident began with a jailer's concern over a dirty dayroom being occupied by the plaintiffs and four other prisoners. When questioned by the chief jailer about the mess, Gardner and Eagen became abusive and intractable. The chief jailer left to get some additional help; when he returned with several deputies, Gardner and Eagen refused to cooperate and Gardner broke off a length of wood from a broom handle for a weapon. The deputies then used mace to subdue Gardner, and, after he dropped a sharpened spoon, Eagen was also subdued and taken away. Each man received seven [2] days of administrative segregation. It is undisputed that there was no written notice of charges and no hearing prior to the imposition of the segregation in either incident.

█ Plaintiffs' first contention is that the summary disciplinary action taken violated Fourteenth Amendment due process as a matter of law. We do not agree. Although this court is never reluctant to protect the civil rights of all citizens, including prisoners, see, e. g., Cruz v. Hauck, 5 Cir. 1973, 475 F.2d 475, when a constitutional claim is aimed at the internal administrative decisions of jails and prisons, those decisions are accorded great deference. Royal v. Clark, 5 Cir. 1971, 447 F.2d 501; Krist v. Smith, 5 Cir. 1971, 439 F.2d 146; Flint v. Wainwright, 5 Cir. 1970, 433 F.2d 961; Haggerty v. Wainwright, 5 Cir. 1970, 427 F.2d 1137; Conklin v. Wainwright, 5 Cir. 1970, 424 F.2d 516; cert. denied, 400 U.S. 965, 91 S.Ct. 376, 27 L.Ed.2d 385; Diehl v. Wainwright, 5 Cir. 1970, 419 F.2d 1309; Granville v. Hunt, 5 Cir. 1969, 411 F.2d 9.

█ Without considering the rights that other prisoners may have under other circumstances, our review of this record and the applicable law convinces us that the actions of these jail officials, about which there was some dispute, did not require a directed verdict on the question of whether the plaintiffs' due process rights had been violated.

█ The plaintiffs' three remaining arguments require little attention. First, the request for attorney's fees under the Criminal Justice Act for an attorney appointed under 28 U.S.C.A. § 1915 to assist a prisoner in a § 1983 suit finds no support or authority in the CJA. Cf. Dragon v. United States, 5 Cir. 1969, 414 F.2d 228. Secondly, the evidence and testimony about the hacksaw blade sent to Eagen, which was improperly admitted but then correctly excluded, was not so prejudicial as to require a reversal, especially in light of the cautionary instruction given by the district judge and the absence of a motion for a mistrial. See Conner v. United States, 5 Cir. 1963, 322 F.2d 647, cert. denied, 1964, 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 178. Finally, the plaintiffs' requested instructions—defining due process and noting the irrelevance of plaintiffs' guilt—were, when the district court's charge is read as a whole, not improperly refused as unnecessarily repetitive or improper statements of the law. See Brents v. Freeman's Oil Field Service, Inc., 5 Cir. 1971, 448 F.2d 601; McGuire v. Davis, 5 Cir. 1971, 437 F.2d 570; Lind v. Aetna Casualty & Surety Co., 5 Cir. 1967, 374 F.2d 377.

Affirmed.

---

1. The administrative segregation consisted of a prisoner's being removed from his normal cell and transferred to a vacant, but regulation cell for the period of the segregation. During this time, a prisoner is not allowed visitors, mail, or canteen privileges. He is fed the normal prison diet, however, and the segregation cell provides the same physical facilities as are afforded the other prisoners.

2. Both Gardner and Eagen claimed that they were segregated for twenty-one days, but the jail records and the defendants' witnesses indicate that the punishment lasted only seven days.